UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH BORDEAU,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN R. ST. ANDRE, et al.,<br><br>        Defendants. | No. 2:25-cv-0989 CSK P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2 § 1915(b)(2).
3       Plaintiff's amended complaint (ECF No. 7) is before the Court.  As discussed below,
4 plaintiff's amended complaint is dismissed with leave to amend.

5 I.      SCREENING STANDARDS

6       The court is required to screen complaints brought by prisoners seeking relief against a
7 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
8 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
9 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.
21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
22 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
25 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
26 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
27 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
28 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

Plaintiff alleges that on October 9, 2024, Lt. C. Fackrell "went against a detailed report and video footage and created his own version of events" to find plaintiff guilty of possession of a deadly weapon, in violation of plaintiff's due process rights and as cruel and unusual punishment. (ECF No. 7 at 3.) Defendant A. Lane, Associate Warden, failed to review the evidence, and with defendant C. Fackrell, approved the discipline imposed. (Id.)

Further, plaintiff alleges that in responding to plaintiff's grievance, defendant A. Lane denied plaintiff's claim, finding plaintiff was not in actual, but rather constructive, possession, which plaintiff claims contradicted defendant C. Fackrell's finding. (Id. at 4.) Plaintiff alleges that A. Lane's grievance finding violated plaintiff's due process rights again because A. Lane had agreed with defendant C. Fackrell's initial guilty finding, which plaintiff contends demonstrates a biased investigation. (Id.) Plaintiff filed an appeal with the Office of Appeals, which was granted, but plaintiff claims his credits have not been restored. (Id.) On March 6, 2025, plaintiff informed defendant R. St. Andre of the appeals decision, and R. St. Andre responded that the appeal was only granted because plaintiff's due process was violated, and R. St. Andre would open a new investigation. (Id.)

A copy of the rules violation report authored by Officer G. Mota confirmed plaintiff was assessed 181 days of credit loss. (Id. at 9.) Defendant C. Fackrell was the Senior Hearing Officer and defendant A. Lane the Chief Disciplinary Officer who affirmed the hearing results. (Id. at 11.) The reasoning and decision of the Office of Appeals states:

> It appears there was sufficient information to support appellant's guilty. However, the Office of Grievances failed to provide the Office of Appeals with the audio video surveillance footage that was

3

> reviewed. Subsequently, the Office of Appeals is unable to conduct a meaningful review at the grievance level to evaluate the appropriate appeal decision. Because of this, this claim is granted.

(Id. at 17.) As relief, plaintiff seeks money damages for defamation of character, which plaintiff claims caused his Fifth Amendment due process rights to also be violated, and for emotional pain and suffering, as well as reimbursement of court fees. (Id. at 5.)

III.   DISCUSSION

   A.   Eleventh Amendment

In the caption of his amended complaint, plaintiff included High Desert State Prison ("HDSP") as one of the defendants. (ECF No. 7 at 1.) Plaintiff did not include HDSP as a defendant in the defendants section of the pleading. (Id. at 3.) To the extent plaintiff intended to include HDSP as a defendant, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, any claims against HDSP must be dismissed.

   B.   False Disciplinary

Prisoners do not have a liberty interest in being free from false accusations of misconduct. See Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) ("there are no procedural safeguards protecting a prisoner from false retaliatory accusations"); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided.").

4

C. Disciplinary Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call specific witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19. If a prisoner has not lost good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

Here, plaintiff includes no allegations demonstrating that his due process rights were violated during the hearing by defendant C. Fackrell.[1] Also, other than signing off on the discipline imposed, defendant A. Lane was not part of the disciplinary hearing. Defendant R. St. Andre was also not part of the disciplinary hearing. Thus, plaintiff's amended complaint must be

---

[1] In addition, it appears that plaintiff's challenge to the disciplinary hearing may be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that incarcerated persons' claims that necessarily implied the invalidity of their conviction or sentence could not be maintained under § 1983 unless they proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87 (citation omitted). In Edwards v. Balisok, 520 U.S. 641, 646-48 (1997), the Supreme Court extended Heck's "favorable termination" rule to prison disciplinary proceedings that resulted in the loss of good-time credits.

dismissed. However, plaintiff is granted an opportunity to amend if he can allege facts demonstrating that defendant C. Fackrell violated plaintiff's due process rights at the hearing.

D. Grievance Process

The Due Process Clause protects plaintiff against the deprivation of liberty without due process under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, "[t]here is no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (citations omitted). Further, the failure to follow grievance procedures does not give rise to a due process claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted). A prison or jail official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances." Daniels v. Aguilera, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), report and recommendation adopted, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

Plaintiff's allegations as to defendants A. Lane and R. St. Andre based on their role in the grievance process fail to state cognizable due process claims. Because plaintiff cannot state a cognizable due process claim based on how his grievances or appeals were handled or decided, plaintiff should not renew these claims as to defendants A. Lane and R. St. Andre in any second amended complaint.

E. Defamation

Finally, to the extent plaintiff seeks to pursue a claim of defamation, such effort is unavailing. Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems not cognizable);

Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

IV.   LEAVE TO AMEND

In light of the above deficiencies, plaintiff's amended complaint must be dismissed. However, the court grants plaintiff leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the second amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is not granted leave to add defendants or new claims for relief.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: September 19, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bord0989.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH BORDEAU,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN R. ST. ANDRE, et al.,<br><br>        Defendants. | No. 2:25-cv-0989 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint
(Check this box if submitting an Amended Complaint)

DATED:

                                         _____
                                         Plaintiff